Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

_Middle_ District of _Florida_

_Jacksonville_ Division



Union Correctional Institution
APR 2 8 2023
Received for mailing by C. W.

TYRONE ANTWAN WALKER

_Plaintiff(s)_

(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Florida Department of Corrections
Ricky Dixon, Secretary, et.al.,
Defendants. See attached

_Defendant(s)_

(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:23-cv-511-TJC-MCR

_(to be filled in by the Clerk's Office)_

2023 MAY -2 AM 11: 34
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## Exhibit A

Defendant (s)

1. Sergeant Sean Bailey
2. Lieutenant Carey L. Randall
3. Officer James R. Crow
4. Officer P. Scott
5. Sergeant J. Vandigo
6. Officer N. Wright
7. Officer M. Jenkins
8. Officer J. Griffin
9. Lieutenant Scott W. Durborow
10. Sergeant M. A. Perkins
11. Officer D. Lizenbee
12. Officer F. White
13. LPN - Gloria Walden
14. LPN - Cassie Tomlinson
15. LPN - Lucinda O'Connor
16. Warden T. Lamb
17. Assistant Warden T. Knox
18. Secretary of F.D.O.C, Ricky D. Dixon

18 - Defendant (s)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Tyrone Antwan Walker |
| All other names by which you have been known: | Tyron A. Walker |
| ID Number | B04225 |
| Current Institution | Union Correctional Institution |
| Address | Post Office Box 1000 |
| | Raiford          FLA          32083 |
| | *City*          *State*          *Zip Code* |

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sean Bailey |
| Job or Title *(if known)* | Sergeant |
| Shield Number | Unknown |
| Employer | Florida Department of Corrections |
| Address | 7819 N.W. 228th Street |
| | Raiford          FLA          32083 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Carey L. Randall |
| Job or Title *(if known)* | Lieutenant |
| Shield Number | Unknown |
| Employer | Florida Department of Corrections |
| Address | 7819 N.W. 228th Street |
| | Raiford          FLA          32083 |
| | *City*          *State*          *Zip Code* |

☑ Individual capacity   ☑ Official capacity

Defendant No. 3
    Name      James R. Crow
    Job or Title *(if known)*      Officer
    Shield Number      Unknown
    Employer      Florida Department of Corrections
    Address      7819 N.W. 228th Street
     Raiford      FLA      32083
             *City*        *State*      *Zip Code*
     [✓] Individual capacity    [✓] Official capacity

Defendant No. 4
    Name      P. Scott
    Job or Title *(if known)*      Officer
    Shield Number      Unknown
    Employer      Florida Department of Corrections
    Address      7819 N.W. 228th Street
     Raiford      FLA.      32083
             *City*        *State*      *Zip Code*
     [✓] Individual capacity    [✓] Official capacity

Please see attachments. Exhibit-B through Exhibit-E have the remainder of the eighteen Defendants that's after Defendant number Four------

**II.**    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

     [ ] Federal officials (a *Bivens* claim)

     [✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

     Please see attachments. Please see Exhibit-F for this.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

Exhibit - B

Defendant No. 5
J. Vandigo
Sergeant
Shield Number — Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 6
N. Wright
Officer
Shield Number — Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 7
M. Jenkins
Officer
Shield Number — Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 8
J. Griffin
Officer
Shield Number — Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 9
Scott W. Durborow

Exhibit - C

Lieutenant
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 10

M.A. Perkins
Sergeant
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 11

D. Lizenbee
Officer
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 12

F. White
Office
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 13

Gloria Walden
LPN
Shield Number - Unknown

Exhibit -D

Florida Department of Corrections Office of Health Services
7819 N.W. 228th Street
Raiford, FLA. 32083
Indiviaul Capacity and Official Capacity
Defendant No. 14
Cassie Tomlinson
LPN
Shield Number - Unknown
Florida Department of Corrections Office of Health Services
7819 N.W. 228th Street
Raiford, FLA. 32083
Indiviaul Capacity and Official Capacity
Defendant No. 15
Lucinda O'Connor
LPN
Shield Number - Unknown
Florida Department of Corrections Office of Health Services
7819 N.W. 228th Street
Raiford, FLA. 32083
Indiviaul Capacity and Official Capacity
Defendant No. 16
T. Lamb
Warden
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford, FLA. 32083
Indiviaul Capacity and Official Capacity
Defendant No. 17
T. Knox
Assistant Warden
Shield Number - Unknown
Florida Department of Corrections
7819 N.W. 228th Street

Exhibit - E

Raiford, FLA. 32083
Individual Capacity and Official Capacity
Defendant No. 18
Ricky D. Dixon
Secretary of Florida Department of Corrections
Shield Number — Unknown
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, FLA. 32399 - 2500
Individual Capacity and Official Capacity

Exhibit - F

B. The Cruel and Unusual Punishment Clause of the Federal Constitution's Eighth Amendment - Excessive use of Force, and Falsifying Documents violated Plaintiff Walker's rights. Also The Due Process Clause of the Federal Constitution's Fourteeth Amendment - Unreasonable Searches and Seizures violated Plaintiff Walker's rights to the United States Constitution.....

C. N/A

D.

First Claim - Defendants Bailey Sergeant, Randall Lieutenant, Crow Officer, Scott - Officer, Jenkins Officer, Griffin Officer, White Officer, Durborow Lieutenant, Vandigo Sergeant, Wright Officer, Lamb Warden, Knox Assistant Warden, Walden LPN, Tomlinson LPN, O'Connor LPN, Dixon Secretary of F.D.O.C. had use of excessive force, and falsified documents violated Plaintiff Walker's rights and Constituted Cruel and Unusual Punishment under the Eighth Amendment of the United States Constitution. All Defendants acted under the Color of State Law by beating Plaintiff Walker and inflicted unnessary and wanton pain, and Falsifying Documents to cover up for the other defendants. And for failing to protect Plaintiff Walker from an attack by another inmate when they knew in advance about serious risk of harm, and failing to discipline the other inmate that stabbed Plaintiff Walker multiple times while handcuffed.....

Second Claim - Defendant Lizenbee Officer, Perkins Sergeant, Bailey Sergeant, Scott Officer, had acted under the color of State Law by stealing and destroying personal property violated Plaintiff Walker's rights and Constituted the Due Process Clause under the Fourteeth Amendment on Unreasonable Searches and Seizures.....

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please see attachments. Look at "D" on Exhibit~F for this.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☑  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Please see attachments. Look at "B" on Exhibit~G and see Exhibit~H for this.

Exhibit - G

A. N/A

B. The first event happened on 04/25/2022 and at sometime inbetween 10:00A.M. and 1:30P.M at Union Correctional Institution, and in U-Dormitory, Quad-3 and in cell-U3103 when he told an unknown officer about what he was hearing inthe Quad......

The Second event happened on 04/27/2022 at Union Correctional Institution when Plaintiff Walker had wrote an informal grievance stating that inmate Benito Santiago sent in a request form under Plaintiff Walker's name.....

The third event happened on 07/07/2022 at Union Correctional Institution and while Plaintiff Walker was inside of one of the Recreational Cages during Recreational Time and Defendants Bailey Sergeant, And Scott Officer was inside of Plaintiff Walker's cell which was U3103. And it took place at sometime inbetween 9:00A.M. and 10:00A.M......

The Recreational Cages is right behind U-Dormitory and about four to six feet behind each cell window. And the cell window is inthe back of each cell......

The fourth event happened in Union Correctional Institution on 07/07/2022 and at sometime inbetween 9:30A.M. and 10:30A.M. and it took place right infront of Plaintiff Walker's cell (which was cell-U3103) and ended inthe back of Plaintiff Walker's cell......

The fifth event happened in Union Correctional Institution on 07/07/2022 and at sometime inbetween the same time frame which was between 9:30A.M. and 10:30A.M. And it took place right infront of Plaintiff Walker's cell in U-Dormitory, Quad-3 and cell-U3103, when Defendant Tomilson lied about Plaintiff Walker's injuries......

The sixth event happened in Union Correctional Institution on 07/11/2022 and at sometime inbetween 11:30A.M. and 12:10P.M., in U-Dormitory, Quad-3 and infront of Plaintiff Walker's cell and infront of the entry door to Quad-3 (which is like ten to fifteen feet infront of Plaintiff Walker's cell).....

The seventh event happened on 07/14/2022 and at sometime inbetween 7:00A.M. and 9:30A.M. at Union Correctional Institution and in U-Dormitory when Defendants Durborow Lieutenant and Randall Lieutenant pulled Plaintiff Walker out of his cell to escort him to the Medical Station......

Exhibit H

The eighth event happened at Union Correctional Institution on 07/14/2022 and at sometime inbetween the same time frame which was 7:00A.M. and 9:30A.M. in U-Dormitory, Quad-3 and when Plaintiff Walker was picked-up off the floor and thrown in his cell, which was U3103, while in full body restraints by the Defendants......

The ninth event took place at Union Correctional Institution in U-Dormitory, Quad-3 on 07/14/2022 and at sometime inbetween the same time frame which was between 7:00A.M. and 9:30A.M. when Defendants took plaintiff Walker back in his cell again while being only handcuffed this time and beating Plaintiff Walker savagely......

The Tenth event happened at Union Correctional Institution in U-Dormitory, and in Quad-3 and infront of Plaintiff Walker's cell which was U3103 when Defendant Walden LPN Lied about Plaintiff Walker's injurys stating that she only seen blood on Plaintiff Walker's mouth and the cell window. On 07/14/2022 and at sometime inbetween the same time frame again which was 7:00A.M. and 9:30A.M......

The eleventh event happened at Union Correctional Institution and in U-Dormitory, Quad-3 on 07/17/2022 and at sometime inbetween 7:00P.M. and 11:00P.M. And the incident took place right outside of Plaintiff Walker's cell which was cell U3103 when Plaintiff Walker had gotten stabbed up while handcuffed......

The twelfth event happened at Union Correctional Institution on 07/17/2022 and at sometime inbetween the same time frame which was between 7:00P.M. and 11:00P.M. And the incident took place inthe Nurse Station inside of U-Dormitory's hallway as soon as you enter the Dormitory when Defendant O'Connor LPN lied about Plaintiff Walker's injurys to cover up for the Defendants Vandigo Sergeant, and Wright Officer.....

The thirteenth event happened at Union Correctional Institution on 07/21/2022 and at sometime inbetween 10:00A.M. and 12:20P.M. in U-Dormitory, Quad-3 and right infront of Plaintiff Walker's cell door when Defendants Bailey Sergeant, and Scott Officer was at Plaintiff Walker cell door......

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Please see attachments. See Exhibit—I for this.

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?
Was anyone else involved?  Who else saw what happened?)*

Please see attachments. See Exhibit—J, and ~~this~~
Exhibit—K, and Exhibit—L, Exhibit—M, and
Exhibit—N, and Exhibit—O, Exhibit—P, and
Exhibit—Q for this.

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical
treatment, if any, you required and did or did not receive.

Please see attachments. See Exhibit—R for this.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes.
If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for
the acts alleged.  Explain the basis for these claims.

Please see attachments. See Exhibit—S for this.

Exhibit - I

C.   The first event happened on 04/25/2022 and at sometime inbetween 10:00A.M. and 1:30P.M.....

The second event happened on 04/27/2022 and the time was unknown....

The third event happend on 07/07/2022 and at sometime inbetween 9:00A.M. and 10:00A.M.....

The fourth event happened on 07/07/2022 and at sometime inbetween 9:30A.M and 10:30A.M.....

The fifth event happened on 07/07/2022 and at sometime inbetween 9:30A.M. and 10:30A.M.....

The sixth event happened On 07/11/2022 and at sometime inbetween 11:30A.M and 12:10P.M.....

The seventh event happened on 07/14/2022 and at sometime inbetween 7:00A.M. and 9:30A.M.....

The eighth event happened on 07/14/2022 and at sometime inbetween 7:00A.M. and 9:30A.M.....

The ninth event happened on 07/14/2022 and at sometime inbetween 7:00A.M. and 9:30A.M.....

The tenth event happened on 07/14/2022 and at sometime inbetween 7:00AM. and 9:30A.M.....

The eleventh event happened on 07/17/2022 and at sometime inbetween 7:00P.M. and 11:00P.M.....

The twelfth event happened on 07/17/2022 and at sometime inbetween 7:00P.M. and 11:00P.M.....

The thirteenth event happened on 07/21/2022 and at sometime inbetween 10:00A.M. and 12:20P.M.....

Exhibit-J

D.

1. On April 25, 2022 and at sometime inbetween 10:00A.M. and 1:30P.M. Plaintiff Walker told an unknown staff that the other inmates in the Quad was talking about Plaintiff Walker had to get stabbed and the officers had put money on his head.

2. Then an inmate that's a known Blood gang member that's named Benito Santiago yelled out the door and stated that he was gone put in an inmate request form to get him in Education and that he was gone stab Plaintiff Walker when they get to the school class room because the officers takes off the inmate's restraints in the class room.

3. So Plaintiff Walker wrote an informal grievance on 04/27/2022 after he received the request form back with inmate Santiago's handwritting on it. And Plaintiff Walker stated on the informal grievance that inmate Santiago had wrote that request form to get him in Education just to stab him.

4. Then the informal grievance had returned denied on 05/02/2022 stating that there is no way to prove who put the request in, and that staff will inspect mail to make sure that inmates do not put mail in other inmates name.

5. On 07/07/2022 and at sometime inbetween 9:00A.M. and 10:00A.M. while Plaintiff Walker was inside one of the Recreational Cages during Rec-time, he heard beating on a cell window and when he looked-up, he seen Defendants Bailey Sergeant and Scott Officer taking turns placing Plaintiff Walker's personal pictures in the cell window so all the other inmates in the Rec-Cages can laugh at Plaintiff Walker as if his family pictures was a Joke.

6. The Rec-Cages where all the Close Management inmates have they Recreational time is lined up right behind the Dormitory and about five to seven feet in the back of each cell window. The cell windows is in the back of each cell.

7. Then a few minutes later and between the same time from which was between 9:00A.M. and 10:00A.M. Plaintiff Walker was being escorted back in the Dormitory, and back to his cell which was U3103 from the back door in Quad-3 by officer Defendant White Officer and handcuffed behind his back.

8. As soon as Plaintiff Walker entered the Quad from the back door, all the other inmates in the Quad started yelling out they cell doors to Plaintiff Walker that personal property was taken out of his cell.

Exhibit - K

9.  So when Plaintiff Walker had gotten closer to his cell where Defendant Bailey Sergeant was standing, Plaintiff Walker seen that his cell was messed up and his property was thrown everywhere. Then Plaintiff Walker asked Defendant Bailey Sergeant, "what all you took out of my cell". And Defendant Bailey Sergeant stated, "nothing", but he had a big smile on his face when he stated, "nothing".

10. Then out of anger, Plaintiff Walker snatched away from Defendant White officer and Defendants White officer, Bailey Sergeant, Crow officer, Scott officer, Jenkins officer, and Griffin Officer all took Plaintiff Walker in his cell and violently assaulted him by punching him and kicking him multiple times while he was defenseless in hand restraints behind his back.

11. Defendant Bailey Sergeant was the one choking Plaintiff Walker. And Defendant Griffin Officer was punching Plaintiff Walker in his mouth and stomping him in his right knee trying to take-out his right knee. (Because Defendant Griffin officer knew by taking Plaintiff Walker to sick-call that one of his knees was already injured).

12. All the Defendants that was in Plaintiff Walker's cell was jumping him and taking part violent assault on Plaintiff Walker. Then after a little while all the Defendants stopped and started backing out of the cell and Defendant Bailey Sergeant had stop choking Plaintiff Walker and was the last Defendant that backed out of the cell, while Plaintiff Walker was still on the cell's floor trying to catch his breath.

13. Then the Defendants turned on the use of force camera after they left the cell and closed the door. And then Defendant Tomlinson LPN was infront of Plaintiff Walker cell door Because the Defendants wouldn't let him out so Defendant Tomlinson LPN can see the injurys on Plaintiff Walker. And Defendant Tomlinson had lied and said she don't see no injurys even - though she could have clearly seen that Plaintiff Walker's mouth was busted and bleeding, And injury's such as lumps on Plaintiff Walker's head. And foot prints on his body from boots the Defendants was wearing and still Defendant Tomlison LPN lied about seeing no injurys

14. On 07/11/2022 and at sometime inbetween 11:30A.M. and 12:10P.M. after noon meal was past out, Defendant Griffin started telling Plaintiff Walker how he would have sex with his mother. And while Defendant Griffin-

Exhibit - K

Officer was leaving Quad-3 front door he stopped and started humping the air like he was having sex and stated to Plaintiff Walker, "this how Ima fuck yo-mom". And then he turned around and walked out of the Quad.

15. On 07/14/2022 and at sometime inbetween 7:00A.M. and 9:30A.M Defendants Durborow Lieutenant, and Randall Lieutenant came to Plaintiff Walker's cell door and asked Plaintiff Walker, "do you want to get checked-out by the Nurse", and explained to Plaintiff Walker that his family called and reported a staff abuse for him. Plaintiff Walker then stated, "yes".

16. Plaintiff Walker than was handcuffed through the food tray flap and than the cell door was rolled open and the Defendants had placed full body restraints on Plaintiff Walker as in leg Shackles, waist chain, and a black box to hold the waist chain and handcuffs together.

17. Than Defendant Durborow started escorting Plaintiff Walker to the Medical station that was in the hallway. But before Plaintiff Walker left the Quad Defendants Perkins Sergeant and Lizenbee officer had entered Plaintiff Walke cell and started throwing his property around and trying to destroy his property.

18. So Plaintiff Walker stopped at the front door of the Quad and told Defendant Durborow to look at how Defendants Perkins Sergeant and Lizenbee Officer was destroying his property. And Defendant Durborow Lieutenant didn't seem to care and stated to Plaintiff Walker, "go to medical or not".

19. So Plaintiff Walker just went on ahead to the Medical station and before Plaintiff Walker had entered the medical station, Defendant Bailey Sergeant stated to Plaintiff Walker, "lets see what I can steal out of your cell". And than Defendant Bailey Sergeant started walking toward Plaintiff Walker's Quad and cell.

20. Plaintiff Walker was seen by Defendant Walden LPN in the nurse station and she stated that plaintiff Walker didn't have any injurys and that Plaintiff Walker probably slipped and fell. Then Defendant Walden LPN sent Plaintiff Walker back to his cell.

21. Then Plaintiff Walker was being escorted back to his cell and before Plaintiff Walker had entered the Quad, he seen Defendant Perkins —

Exhibit M

Sergeant coming out of his cell with alot of his personal property in his hands, such as personal mail, old grievances that Plaintiff Walker wrote in the past, and alot of other things.

22. Then when Plaintiff Walker stepped in the entrance of the Quad, all the inmates had started screaming and yelling out they cell doors to Plaintiff Walker that Defendants Bailey Sergeant, and Jenkins officer also took some property out of ~~the cell~~ Plaintiff Walker's cell.

23. So just because Plaintiff Walker's property was destroyed and Defendants had took plaintiff Walker's property out of his cell in retaliation, out of anger Plaintiff Walker had dropped to the floor so the Defendant can go and get the hand held camera and it will be evidence on how the Defendants destroyed his cell.

24. But no hand held camera was brought, and instead they just picked Plaintiff Walker off the floor and just thrown him in his cell with all the restraints on and just closed the cell door.

25. Then Defendant Walden LPN had came to Plaintiff Walker's cell door to check for injurys and she stated for the second time that day that she didnot see any injurys.

26. After a few minutes had past Defendant Randall Lieutenant came and opened Plaintiff Walker's cell door and Defendant Randall Lieutenant started taking off all the body restraints except the handcuffs he left on.

27. Then Plaintiff Walker had asked Defendant Randall Lieutenant if he was gone give him a property confication slip for the property that was taken out of his cell and was he gone take pictures of his cell for evidence on how the other defendants destroyed his cell. And Defendant Randall Lieutenant stated, "no", and than he stated, "you get what you get".

28. Just because Plaintiff Walker felt like the Defendants was gone get away with destroying his property again and he wanted the Defendants to bring the hand held use of force camera, Plaintiff Walker started snatching away from Defendant Randall Lieutenant, but again no use of force hand held camera was brought.

29. Defendants Randall Lieutenant, Bailey Sergeant, and Crow Officer all took Plaintiff Walker in his cell and started a violent assault on him. Defendant

Randall Lieutenant was punching Plaintiff Walker in his left eye and trying to snatch out his left eye. Defendant Bailey Sergeant was punching Plaintiff Walker in his mouth mutiple times and over and over. And Defendant Crow Officer was the one who was doing any and everything that he could to hurt Plaintiff Walker. Defendant Crow Officer was choking Plaintiff Walker and punching him and slaming him against the cell wall inthe cell.

30. Because of the violent assault the three Defendants was doing to Plaintiff Walker, he didn't have time to see the other Defendants that was participating with them inthe beating. But Defendants Bailey Sergeant, Crow Officer, and Randall Lieutenant was the main ones in this incident. Defendant Durborow Lieutenant kept saying, "Fuck him up", but Plaintiff Walker couldn't see him because the other Defendants didn't slow down and kept beating him.

31. Defendant Randall Lieutenant was trying to snatch out Plaintiff Walker's eye and made a mistake and put his fingers in Plaintiff Walker's mouth and Plaintiff Walker bit down on his fingers hoping that Defendant Randall Lieutenant and the other Defendants will stop the beating. But the Defendants kept on beating Plaintiff Walker and starting hiting him harder. Plaintiff Walker was screaming out for help so the audio could hear him or some one would stop it but no one never did.

32. After a little while they stoped when they seen Plaintiff Walker was hurt and all three Defendants started backing out of the cell and closed the cell door.

33. Then the Defendants had turned on the hand held use of force camera and Defendant Walden LPN came to the cell door to check Plaintiff Walker's injurys and she stated, "that inmate Walker's lip is busted and blood was onthe cell window". And Plaintiff Walker was trying to show Defendant Walden LPN all his injurys, his eye and the lumps and Defendant Walden LPN stated, "that there was no other injurys", eventhough she clearly seen other injurys, and Defendant Walden LPN left from Plaintiff Walker's cell door.

34. Plaintiff Walker than turned in a sick-call request form the next day, which was 07/15/2022 about how his left eye was hurting really back, and how his left eye was Red and hurts when ever the light in his cell was on or when ever he looked out the cell window.

35. On 07/17/2022 and at sometime inbetween 7:00 P.M. and 11:00 P.M. it was a known Latin King Grang member that was housed in U-Dormitory, Quad-3 and he was taken out of his cell and he took a shower and he refused a hair-cut and then he was placed back in his cell. A little while later Plaintiff Walker was taken out of his cell and placed in the shower cell to take a show. But as soon as Plaintiff Walker was taken out of his cell and was being escorted to the shower cell by Defendant Vandigo Sergeant, all the Latin King gang members, and Blood gang members started banging on the cell doors to come back out of they cell eventhough they wasn't supposed to have been able to come back out of they cells.

36. Then Defendant Wright Officer went to the Latin King gang members cell and handcuffed him and then took him down-stairs and in the middle of the Quad to sit down and get his hair-cut. Then after Plaintiff Walker finish taking a shower, he was handcuffed behind his back and then Defendant Vandigo Sergeant started to escort him toward his cell.

37. For Plaintiff Walker to get to his cell, he would have to walk from one end of the Quad where the showers is at to the other end of the Quad to cell U3103, which was plaintiff Walker's cell. And the Latin King gang member is siting in a chair geting his hair-cut In the middle of the Quad. So Plaintiff Walker will have to Pass the Latin King gang member to get to his cell.

38. So while Plaintiff Walker being escorted to his cell by Defendant Vandigo Sergeant, Plaintiff Walker look at the Latin King gang member inmate and he hold his head down. Then before Plaintiff Walker had entered his cell, the Latin King gang member jumped out of the barber-chair with no handcuffs on and ran past Defendant Wright Officer and started stabbing Plaintiff Walker from the back in his head and in his back.

39. Then Defendant Vandigo Sergeant had slamed Plaintiff Walker really hard on the floor. And the Latin King gang member inmate kept on stabbing Plaintiff Walker in the head and back like he was trying to kill Plaintiff Walker and No body never did stopped him for a while. Finally Defendant Vandigo Sergeant laid on Plaintiff Walker and the Latin King gang member inmate stopped stabbing Plaintiff Walker and Defendant

*Exhibit P*

Wright Officer had handcuffed the Latin king gang member inmate.

40. Then after Plaintiff Walker was on the floor and bleeding while being hand-cuffed behind his back for awhile, Plaintiff Walker was finally picked up off the floor and escorted to the Nurse Station in the Hallway of the same Dormitory.

41. Defendant O'Connor LPN was cleaning Plaintiff Walker's wounds and Defendant O'Connor LPN kept telling Plaintiff Walker that "it's not that bad". Also Defendant O'Connor LPN stated, "this what prisoners gets".

42. After Defendant O'Connor LPN finish cleaning Plaintiff Walker's wounds, Defendant O'Connor LPN refused to bandage up Plaintiff Walker's wounds and then Defendant O'Connor LPN stated to Plaintiff Walker, "it will heal faster". Then Plaintiff Walker told Defendant O'Connor LPN that it will get dirt in it, and Defendant O'Connor LPN just stated, "No they won't" and sent Plaintiff Walker back to his cell.

43. On that same night, which was 07/17/2022 Plaintiff Walker wrote a sick-call request form and turned it in the next day, which was 07/18/2022.

44. On 07/20/2022 Plaintiff Walker was seen by Defendant Walden LPN for chest pains, and left eye pain, because his chest was hurting and his left eye was still swollen and really red and running. Defendant Walden LPN gave Plaintiff Walker a Dry Eye Relief Eye-Drop.

45. On 07/21/2022 a Lady that says she's a Doctor and her name tag said Jessica Putney APRN had gave Plaintiff Walker another Medication for his left eye that's called, "Erythromycin Ointment" and told Plaintiff Walker to keep his hands clean because he has the Pink Eye in his left eye.

46. On that same day, which was 07/21/2022 Plaintiff Walker was taken out of his cell and placed in a Group Room with a Mental Health Counselor that's named Myrna Williams and she told Plaintiff Walker that she can tell that he's been beaten-up and someone did tried to snatch out his eye by her looking at Plaintiff Walker's eye she can tell. And she wrote that down in Plaintiff Walker's mental health file.

47. Plaintiff Walker wrote another sick-call on 07/31/2022 complaining about his left eye. And also Plaintiff Walker wrote another sick-call request form on 08/05/2022 complaining about his left eye again.

48. Plaintiff Walker was seen on 08/26/2022 by a Lady name Dortheanne Roberts who says she is an Optometrist and she order Plaintiff Walker eye glasses for his eyes.

Exhibit - Q

49. Plaintiff Walker have two witnesses that made statements of the past incident in this complaint. They names is Glen F. Harris D.C.# R70879 and Reeche Jennings D.C.# T71927

Exhibit - R

V. Plaintiff Walker can barely see out of his left eye, so Plaintiff Walker has lost of eye vision in his left eye.

And Plaintiff Walker's upper right side of his chest, and his right shoulder can no longer stand to much pressure.

Also Plaintiff Walker has to wear eye glasses now for his eye vision, and for the rest of his life.

Plaintiff Walker has seven stab wounds scars for the rest of his life from the stabbing incident also.

Plaintiff Walker also suffer mental and emotional injury. Plaintiff Walker now suffer from Depression and Panic Attacks now from the abuse from the defendants.

Plaintiff Walker needs more Mental Health counselling to deal with his depression and panic attacks as treatment.

Plaintiff Walker needs a M.R.I. on his upper right chest and right shoulder

Exhibit - S

VI. Prayer For Relief

WHEREFORE plaintiff respectfully prays that this court enter judgment granting plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff rights under the Constitution and laws of the United States.

2. Granting Plaintiff Walker a preliminary and permanent injunction ordering all defendants to stop retaliating on Plaintiff Walker, and to stay away from Plaintiff Walker to protect him from future violence, and also Plaintiff Walker wants Protective Management from the Latin King gang because Defendant Sergeant Sean Bailey admitted to sending the Latin king gang member inmate to stab Plaintiff Walker and now his life would be endanger in F.D.O.C....

3. Granting Plaintiff Walker compensatory damages against all-named defendant jointly and severally in the total sum of $100,000.00 for the violation of his Constitutional rights and physical and mental injury suffered in result

4. Granting Plaintiff Walker Punitive damages against all-named defendant (s) separately in the total sum of $50,000.00 because the Defendant(s) actions was motivated by evil and they knew that they actions was reckless and clearly dangerous. Plus by they falsifying documents, the Defendant(s) knew they was wrong, so they tried to cover it up.

5. Plaintiff Walker seeks a jury trial on all issues triable by jury.

6. Plaintiff Walker seeks recovery of his cost in this suit.

7. Plaintiff Walker seeks any additional relief this Court deems just, proper, and equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Union Correctional Institution

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)? The grievances that I wrote had covered all of Plaintiff Walker's claims but the first claim. Plaintiff Walker went on and filed a grievance for each claim··· Plaintiff Walker went from informal grievance which was the first step to the grievance process to the second step which is formal grievance to the third step which is the Secretary of F.D.O.C.·

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Union Correctional Institution. The same institution it happened.

2.    What did you claim in your grievance?

I just stated how the Defendants had sent a hit on me to get stabbed is what I heard and was told by a Defendant. Also I stated how the **Defendants** jumped on me and beat me up and how they lied on reports and how they let me get stabbed in handcuffs...

3.    What was the result, if any? There really wasn't no results and no investigation. The institution never tried to removed the **Defendants** to stop the abuse. Eventhough it was a know threat at hand, Plaintiff was still put in a situation where he got stabbed with handcuffs on....Plaintiff Walker was just denied on every grievance and appeal.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I took all steps necessary to appeal to the highest level. Even when my grievances will return back to me stating that it's returned without action, I would rewrite it. All the grievances I appealed to the highest level and some I rewrote a few times. All grievances was denied.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.     If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

*N/A*

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

Only the ~~Stu~~ first incident Plaintiff Walker didn't file a grievance on and he told an unknown officer what the inmates was saying on the quad. That took place on 04/25/22 and at sometime inbetween 10:00A.M. and 1:30 P.M. during lunch time....All the other incidents plaintiff Walker filed a grievance on them.....

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. The incident that happened on ~~the~~ 07/14/2022, I had to keep rewriting it because the institution didn't want to take the grievance because the officers clearly was in the wrong. I rewrote it for a long time. The institution lied and said that they printer wouldn't take the paper when ~~when~~ it's the only paper the institution sale, we use

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

*N/A*

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)  _N/A._
    Defendant(s)  _N/A_

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _N/A_

3.  Docket or index number
    _N/A_

4.  Name of Judge assigned to your case
    _N/A_

5.  Approximate date of filing lawsuit
    _N/A_

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition.    _N/A_

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _N/A_

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? _No_

☐ Yes

☑ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
       Plaintiff(s)    N/A
       Defendant(s)    N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

       N/A

3.    Docket or index number
       N/A

4.    Name of Judge assigned to your case
       N/A

5.    Approximate date of filing lawsuit
       N/A

6.    Is the case still pending?

       ☐ Yes

       ☐ No

       If no, give the approximate date of disposition    N/A

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

       N/A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    04/28/2023

Signature of Plaintiff    _Tyrone A. Walker_
Printed Name of Plaintiff    Tyrone Antwan Walker
Prison Identification #    B04225
Prison Address    Post Office Box 1000
                   Raiford                          FLA          32083
                   City                             State        Zip Code

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____
Printed Name of Attorney    _____
Bar Number    _____
Name of Law Firm    _____
Address    _____
           City                             State        Zip Code
Telephone Number    _____
E-mail Address    _____