Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
### for the

_Middle_ District of _Florida_

_Jacksonville_ Division

|  |  |
|---|---|
| _Tyrone Antwan Walker_ | Case No. **3:23-CV-00511-TJC-MCR** |
| Plaintiff(s) | _(to be filled in by the Clerk's Office)_ |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | |
| -v- | _Amended Complaint_ |
| _Sean Bailey, et al.,_ | |
| Defendant(s) | |
| (Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.  Do not include addresses here.) | |

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA
2023 JUL 10 PM 1:47
FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Defendant(s)
1) Sergeant Sean Bailey
2) Lieutenant Carey L. Randall
3) Lieutenant Scott W. Durborow
4) Sergeant M.A. Perkins
5) Officer James R. Crow
6) Officer D. Lizenbee
7) LPN- Gloria Walden

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Tyrone Antwan Walker |
| All other names by which you have been known: | Tyron A. Walker |
| ID Number | B04225 |
| Current Institution | Union Correctional Institution |
| Address | P.O. Box 1000 |
| | Raiford           FLA        32083 |
| | City              State      Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sean Bailey |
| Job or Title (if known) | Sergeant |
| Shield Number | Unknown |
| Employer | Florida Department of Corrections |
| Address | 7819 N.W. 228th Street |
| | Raiford           FLA        32083 |
| | City              State      Zip Code |

[✓] Individual capacity    [✓] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Carey L. Randall |
| Job or Title (if known) | Lieutenant |
| Shield Number | Unknown |
| Employer | Florida Department of Corrections |
| Address | 7819 N.W. 228th Street |
| | Raiford           FLA        32083 |
| | City              State      Zip Code |

[✓] Individual capacity    [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name — Scott W. Durborow

Job or Title *(if known)* — Lieutenant

Shield Number — Unknown

Employer — Florida Department of Corrections

Address — 7819 N.W. 228th Street

Raiford    FLA    32083
City    State    Zip Code

[✓] Individual capacity    [✓] Official capacity

Defendant No. 4

Name — M. A. Perkins

Job or Title *(if known)* — Sergeant

Shield Number — Unknown

Employer — Florida Department of Corrections

Address — 7819 N.W. 228th Street

Raiford    FLA    32083
City    State    Zip Code

[✓] Individual capacity    [✓] Official capacity

Last Defendant(s) on next page ....

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Please see attachment

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? N/A

Defendant No. #5
James R. Crow
Officer
Unknown
Florida Department of Corrections
7819 N.W. 228th Street
Raiford  FLA  32083
☑ Individual capacity   ☑ Official capacity
Defendant No. #6
D. Lizenbee
Officer
Unknown
Florida Department of Corrections
7819 N.W. 228th Street
 Raiford   FLA  32083
☑ Individual capacity   ☑ Official capacity
Defendant No. #7
Gloria Walden
LPN
Unknown
Florida Department of Corrections  Office of Health Services
7819 N.W. 228th Street
Raiford  FLA  32083
☑ Individual capacity   ☑ Official capacity

II.  B. The use of excessive force and retaliation and the deliberate indifference to Plaintiff medical needs by Falsifying Documents violated Plaintiff Walker's rights and Constituted Cruel and Unusual Punishment under the Eighth Amendment to the United States Constitution.

C. N/A

D.

First Claim- Defendants Bailey Sergeant, Randall Lieutenant, Crow Officer, Durborow Lieutenant, Perkins Sergeant, and Lizenbee Officer all acted under the color of State Law by retaliating on Plaintiff Walker and ~~beating~~ using excessive force on Plaintiff Walker and by not intervene when Plaintiff Walker was being beaten and that Violated Plaintiff Walker's rights and Constituted ~~cruel~~ cruel and Unusual Punishment under the Eighth Amendment of the United States Constitution.

Second Claim- Defendant Walden LPN acted under the color of state law by Deliberate indifference to Plaintiff Walker's medical needs by falsifying documents violated Plaintiff Walker's rights and Constituted Cruel and Unusual Punishment under the Eighth Amendment of the United States Constitution.

IV.  A. N/A

B. The event happened on 07-14-2022 and at sometime inbetween 7:00A.M. and 9:30A.M at Union Correctional Institution and inside of U-Dormitory in Quad-3. And Plaintiff Walker was housed in U3103 at the time of this incident.

C. On 7-14-2022 and at sometime inbetween 7:00A.M. and 9:30A.M.

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Please See attachment

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee

- [ ] Civilly committed detainee

- [ ] Immigration detainee

- [x] Convicted and sentenced state prisoner

- [ ] Convicted and sentenced federal prisoner

- [ ] Other *(explain)*

## IV.  Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

Please See attachment

C.    What date and approximate time did the events giving rise to your claim(s) occur?

Please See Attachment

D.    What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

Please See Attachments

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Please See Attachment

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Please See Attachment

V. injuries

Plaintiff can barely see out of his left eye, so Plaintiff ~~has vision~~ has lost of eye vision in his left eye.

Also Plaintiff Walker has to wear eye glasses now for his eye vision for the rest of his life.

Plaintiff also suffer mental and emotional injury. Plaintiff now suffer from depression and panic attacks now from the abuse the Defendants put him through. Plaintiff also needs more Mental Health Counselling to deal with his depression and panic attacks as treatment.

VI. Relief

Prayer For Relief

WHEREFORE plaintiff respectfully prays that this court enter judgment granting Plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff rights under the Constitution and laws of the United States.

2. Granting Plaintiff Walker a preliminary and permanent injunction ordering all defendants to stop retaliating on Plaintiff Walker, and to stay away from Plaintiff Walker to protect him from future violence.

3. Granting Plaintiff Walker compensatory damages against all-named defendants jointly and severally in the total sum of $100,000.00 for the violation of his Constitutional rights and physical and mental injury suffered in result.

4. Granting Plaintiff Walker Punitive damages against all-named defendant(s) separately in the total sum of $50,000.00 because the Defendant(s) actions was clearly motivated by evil and they knew that they actions was reckless and clearly dangerous. Plus by falsifying documents the Defendants knew they was wrong and they tried to cover it up.

5. Plaintiff Walker seeks a jury trial on all issues triable by jury.

6. Plaintiff Walker seeks recovery of his cost in this suit.

7. Plaintiff Walker seeks any additional relief this Court deems just, proper, and equitable.

D. ① On 07-14-2022 and at sometime inbetween 7:00A.M. and 9:30A.M.
Defendants Durborow Lieutenant, and Randall Lieutenant came to
Plaintiff Walker's cell door and asked Plaintiff Walker, "do you want
to go get checked-out by the Nurse". And they explained to Plaintiff
Walker that his family had called and reported a staff abuse for him
that had supposed to have happened recently. Plaintiff Walker then stated,
"yes".

② Defendants Durborow Lieutenant and Randall Lieutenant was talking
about when some officers took Plaintiff Walker in his cell and beat
him a few days earlier and Plaintiff Walker's family had reported it.

③ Plaintiff Walker was than handcuffed through the food tray Flap and
than the cell door was rolled open and the defendants had placed full-
body restraints on Plaintiff Walker such as leg shackles, waist chain,
and a Black-Box that's used to hold the waist chain and handcuffs to-
gether.

④ Then Defendant Durborow Lieutenant started escorting Plaintiff Walker
toward the Nurse Station that's located inthe Dormitory's Hallway when
leaving the dormitory. But before Plaintiff Walker had left out of the
Quad, Defendants Perkins Sergeant and Lizenbee officer had entered
Plaintiff's cell and started throwing his personal property around and
trying to destroy his property.

⑤ Defendant Perkins Sergeant and Lizenbee Officer only went inside of
Plaintiff Walker's cell just to destroy his property out of retaliation and
also they wanted Plaintiff Walker to refuse the staff abuse check-up
and to return to his cell is why they let Plaintiff Walker see them do
his property like that, because they all hate when an inmate get they
family to report a staff abuse.

⑥ So Plaintiff Walker had stopped at the front entrance door to the Quad
(only a few feet from Plaintiff Walker's cell) and told Defendant Durborow
Lieutenant to look at how Defendants Perkins Sergeant and Lizenbee officer
was destroying his property. And Defendant Durborow Lieutenant didnot
seem to care and stated to Plaintiff Walker, "go to medical or not".

⑦ So Plaintiff Walker just went on ahead to the Nurse Station so his injurys
could be written down for evidence, because he knew that the Defendants

goal was to stop him from getting checked out by Medical for the staff abuse.

⑧ But before Plaintiff Walker had got to the Nurse Station, he seen Defendant Bailey Sergeant standing at the entrance of the Nurse Station. And before Plaintiff Walker had entered the Nurse Station Defendant Bailey Sergeant stated to Plaintiff Walker, "lets see what I can steal out of your cell". And than Defendant Bailey Sergeant started walking toward Plaintiff Walker's Quad and cell.

⑨ Plaintiff Walker knew that Defendant Bailey Sergeant only told him that he was gone see what he can steal so Plaintiff Walker will refuse and go back to his cell. But Plaintiff Walker already knew that the other Defendants was or already stolen some of his Property because there is no reason for more than one officer to search one small cell unless they going to cover for each other when they steal something.

⑩ Plaintiff Walker was seen by Defendant Walden LPN in the Nurse Station and she stated that Plaintiff Walker didnot have any jurys and that he probably slipped and fell is how he got the few bruises. Then Defendant Walden LPN had sent Plaintiff Walker back to his cell.

⑪ Then Plaintiff Walker had started being escorted back to his cell and before he had entered back in the Quad he was housed in, he seen Defendant Perkings Sergeant coming out of his cell with alot of his personal property in his hands, such as personal mail, Depositions to Plaintiff Walker's case, personal old grievances that Plaintiff Walker wrote in the past, and alot of other papers.

⑫ Then when Plaintiff Walker stepped in the entrance of the Quad, all the other inmates in the Quad started screaming out and yelling out they cell doors to Plaintiff Walker that Defendants Bailey Sergeant and a Officer name Jenkins had also took some property out of his cell.

⑬ (Must be noted that Plaintiff Walker never see Officer Jenkins and that's why he is not a Defendant in this case)....And Defendant Bailey Sergeant had took personal clothes and a personal Radio that Plaintiff Walker ordered.

And Plaintiff Walker was able to see from where he was standing when he entered the Quad that his property was destroyed and personal pictures was ripped up and thrown everywhere.

⑭ So just because Plaintiff Walker's property was destroyed and Defendants had took Plaintiff Walker's property out of his cell in retaliation for reporting the

staff abuse, out of anger Plaintiff Walker had dropped to the floor so that the Defendants would have to go and get the hand held camera for use of force and Plaintiff Walker would have used the video for evidence on how his pictures was ripped up and his property was destroyed.

⑮ But no hand held camera was brought, and instead they just picked Plaintiff Walker off the Floor and just thrown him in his cell with all the restraints still on and just closed the cell door. Then the hand held camera was turned on.

⑯ Then Defendant Walden LPN had came to Plaintiff Walker's cell door to check for injurys. And Defendant Walden LPN had stated for the Second time that day that she didnot see any injurys. Then after she left Plaintiff Walker's cell front, the camera was turned off.

⑰ After a few minutes had past, Defendant Randall Lieutenant came and opened Plaintiff Walker's cell door and he started taking all the restraints off Plaintiff Walker except the handcuffs Defendant Randall Lieutenant left on.

⑱ Then Plaintiff Walker had asked Defendant Randall Lieutenant if he was gone give him a property confication slip for the property that was taken out of his cell, And was he gone take pickures of his cell for evidence on how the other Defendants destroyed his property in his cell. And Defendant Randall Lieutenant than stated, "no", and than he stated, "you get what you get".

⑲ Plaintiff Walker knew that Defendant Randall Lieutenant ment by that statement that that's what he get for reporting them so you get what you get means that whatever comes is what you get. In other word, he had to deal with it.

⑳ And just because Plaintiff Walker felt like the Defendants was gone get away with destroying his property again, so Plaintiff Walker snatch away so he can lay onthe floor and someone will bring the hand held use of force camera and it will show the inside of Plaintiff Walker's cell as evidence. But again no camera was brought out while this was going on, and the Defendants had something different in mind. (Punish him physically).

㉑ Defendants Randall Lieutenant, Bailey Sergeant, and Crow officer had took Plaintiff Walker in his cell and started beating him like they was really trying to "Mar" him or "kill" him. Defendant Randall Lieutenant was punching Plaintiff Walker in his left eye and trying to snatch out his left eye. Defendant Bailey Sergeant was punching Plaintiff Walker in his mouth mutiple times and over and over. And Defendant Crow officer was the one

who was doing any and everything that he could to hurt Plaintiff Walker. Defendant Crow Officer was choking Plaintiff Walker and punching him and slaming him against the cell wall inthe cell. Defendant Crow Officer was just switching up on whatever he was doing with just one thing in mind, "hurt Plaintiff Walker."

22) And because of the violent beating the three Defendants was doing to Plaintiff Walker, he didn't have time to think or see if there was anybody else that was participating with them beating. But Defendants Bailey Sergeant, Crow Officer, and Randall Lieutenant was the main ones that Plaintiff Walker remembered and seen in this incident. Defendant Durborow Lieutenant kept saying, "Fuck him up", but Plaintiff Walker wasn't able to see him, because the other Defendants didn't slow down and kept on beating him.

23) At one point while the beating was going on, Defendant Randall Lieutenant was trying to pull Plaintiff Walker's eye out and Defendant Randall made a mistake and put his fingers in Plaintiff Walker's mouth and Plaintiff Walker bit down on his fingers hoping that Defendant Randall Lieutenant and the other Defendants would stop beating him. But the Defendants kept on punching and kicking Plaintiff Walker and they started going harder. Plaintiff Walker was screaming out for help so the Audio could hear him and someone would probably stop it and help him, but no one ever came. And it seems as the Defendants was trying to "Mar" Plaintiff Walker.

24) After a little while of the beating, they stopped when they seen that Plaintiff Walker was hurt and all three Defendants started backing out of the cell and closed the cell door. (Must be noted that Plaintiff Walker was still handcuffed)...

25) Then the hand held camera was turned on and pointed at Plaintiff Walker's cell but not inside of Plaintiff Walker's cell, and Defendant Walden LPN came to Plaintiff Walker's cell ~~and Defendant Walden LPN came~~ door to check for any injurys for the third-time within a hour that day.

26) Defendant Walden LPN than stated, "Inmate Walker lips is busted and Blood is onthe cell-window". So Plaintiff Walker was trying to show her all of his injurys, his eyes was red and swollen and Plaintiff Walker had lumps and bruises all over his face and body. And Defendant Walden LPN just stated, "there is no other injurys", eventhough she could clearly see other injurys. And she just left from Plaintiff Walker's cell door.

27) Plaintiff Walker than turned in a sick-call request form the next day, which

was 07-15-2022 about how his left eye was hurting really bad, and how his left eye was red and hurts whenever the light in his cell was on or whenever he looked out of the cell window.

(28) On 07-18-2022 Plaintiff Walker was delivered a Disciplinary Report for "Battery or Attempted Battery on a Correctional Officer" for that incident that happened on 07-14-2022. The Disciplinary Report was from Defendant Crow Officer and Plaintiff Walker knew that Defendant Crow Officer only Falsified the report to try and cover up why he beat Plaintiff Walker so badly,

(29) On 07-20-2022 Plaintiff Walker was seen by Defendant Walden LPN for chest pain and his left eye was still hurting, because his chest was hurting and his left eye was still swollen and red and running. Defendant Walden LPN gave Plaintiff Walker a Dry Eye Relief Eye Drop, and sent him back to his cell.

(30) On 07-21-2022 a lady that says she's a Doctor and her name said Jessica Putney APRN, she had gave Plaintiff Walker another Medication for his left eye after she checked out his eye. The eye medication was called "Erythromycin Ointment" and she told Plaintiff Walker to keep his hands clean because he has the Pink Eye in his left eye.

(31) On that same day, which was 07/21/2022 Plaintiff Walker was taken and placed in a Group Room with a Mental Health Counselor that's named Myrna Williams. She told Plaintiff Walker that she can tell that he's been beaten-up and someone tired to snatch out his left eye by her just looking at Plaintiff Walker's eye. And she told Plaintiff Walker to write grievances on the incident and she wrote that down in her report in Plaintiff Walker's Mental Health file.

(32) Plaintiff Walker wrote another sick-call on 07-31-2022 complaining about his left eye. Also Plaintiff Walker wrote another sick-call on 08-05-2022 complaining about his left eye again. Plaintiff Walker couldn't really see out of his left eye at that time.

(33) Plaintiff Walker was taken to see a lady named Dortheanne Roberts who says she is an Optometrist and after running some tests on Plaintiff Walker's eyes, she said that he has lost of eye vision now in his left eye and she ordered him some Eye-Glasses for that. She put that down in his medical file also.

(34) Plaintiff Walker also have two witnesses that made witness statements on Plaintiff Walker's behalf. They names is Glen F. Harris - D.C# R70879 and Reeche Jennings - D.C# T71927.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.    Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Union Correctional Institution

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)? Everything that happened to me, I wrote it in my grievances. Plaintiff Walker followed the rules and went from informal grievance to formal grievance to the Secretary of F.D.O.c....

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance? At the same institution where this incident took place, which was Union Correctional Institution....

2.    What did you claim in your grievance? That the defendants used excessive force on plaintiff Walker, ~~and that the defendants retaliated against plaintiff Walker for~~ And that the defendants destroyed Plaintiff Walker's Property...,

3.    What was the result, if any? The only result was that the grievances kept on geting benied. Nothing else happened... If any thing, also they retaliated on me ....

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)* I just kept on rewriting the grievances. Even when they return them without action, I'll ~~so~~ rewrite it. And yes I completed the grievance process. I'm attaching the grievances to this complaint----

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

        N/A, because I did filed the grievances.

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

        N/A again, because I did filed the grievances.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. At first when I wrote the grievances on this issue, the institution kept on trying to find ways to return my grievances like they was trying to cover this up. They even lied on one of the grievances and said that the printer didn't take the paper. But I knew it was a lie, because this was the only paper they sale...

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    N/A

Defendant(s)    N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.    N/A

7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?    N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)    N/A
   Defendant(s)    N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*

   N/A

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   N/A

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition    N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:       06/30/2023

| | | | |
|---|---|---|---|
| Signature of Plaintiff | Tyrone a. Walker | | |
| Printed Name of Plaintiff | Tyrone Antwan Walker | | |
| Prison Identification # | B04225 | | |
| Prison Address | Post Office Box 1000 | | |
| | Raiford | FLA | 32083 |
| | *City* | *State* | *Zip Code* |

### B.    For Attorneys

Date of signing:

| | | | |
|---|---|---|---|
| Signature of Attorney | | | |
| Printed Name of Attorney | | | |
| Bar Number | | | |
| Name of Law Firm | | | |
| Address | | | |
| | *City* | *State* | *Zip Code* |
| Telephone Number | | | |
| E-mail Address | | | |

RECEIVED BY
UNION CORRECTIONAL INSTITUTION

JUN 30 2023

FOR MAILING

## Certificate of Service

I Certify a correct copy of the forgoing instrument has been furnished to: United States District Court, Middle District of Florida, Office of the Clerk, 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202-4271, via U.S. Postal Mailing Services. The above-stated enclosed document was submitted this day of 06/30/2023

Tyrone a. Walker #B04225
Tyrone Antuan Walker #B04225
Union Correctional Institution
P.O. BOX 1000
Raiford, FLA. 32083