UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE ANTWAN WALKER,

      Plaintiff,

v.

                                            Case No. 3:23-cv-511-MMH-MCR

SEAN BAILEY, et al.,

      Defendants.
_____

## ORDER

On March 13, 2024, the Court entered an Order granting in part and denying in part Defendants' Bailey, Randall, Durborow, Perkins, Crow, and Lizenbee's Motion to Dismiss; and granting Defendant Walden's Motion to Dismiss. See Doc. 54 (Order). Now before the Court is Plaintiff Tyrone Antwan Walker's Motion for Rehearing. See Doc. 57 (Motion). Defendants Bailey, Randall, Durborow, Perkins, Crow, and Lizenbee filed a Response opposing the Motion. See Doc. 58 (Response).

In his Motion, Walker asks the Court to reconsider its Order to the extent that the Court dismissed his retaliation and excessive force claims against Perkins and Lizenbee, as well as his deliberate indifference claim against Walden. See generally Motion. According to Walker, he alleged a plausible retaliation claim because he asserted Perkins and Lizenbee searched his cell

after Walker's family called the facility to report staff abuse. Id. at 6. He also contends the Court should have inferred from his allegations that Perkins and Lizenbee participated in the use of excessive force because he asserted that they are senior officers who exited his cell immediately before the use of force and likely heard Walker's cries for help. Id. at 3. As to his claim against Walden, Walker argues he stated a plausible Eighth Amendment claim because he alleged Walden "lied on the post use of force paperwork," which delayed medical treatment for his eye. Id. at 4.

To the extent that Walker seeks reconsideration under Federal Rule of Civil Procedure 59(e), Rule 59(e) affords the Court discretion to reconsider an order. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.3d 1044, 1047 (11th Cir. 1992). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. The Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006). Rule 59(e) cannot be used "to relitigate old

2

matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005). Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69 (citation omitted); Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Walker has not asserted viable grounds to warrant reconsideration. In its Order, the Court found that Walker's allegations neither sufficiently showed that his family's reports of staff abuse subjectively motivated Lizenbee and Perkins to retaliate, nor demonstrated that Lizenbee and Perkins's senior-officer status and mere proximity to Walker's cell made them liable for another officer's alleged use of force. See generally Order. Likewise, the Court considered Walker's allegation that Walden "lied" about his eye injury on the post-use-of-force paperwork, but found that Walker's own statements showed

3

he did not complain of eye pain until he submitted a sick call request the day after Walden's post-use-of-force exam. Order at 30. Thus, the Court finds that Walker's assertions do not support reconsideration under Rule 59(e). Rather, he simply disagrees with the Court's ruling and wants a favorable ruling, but not for any basis which might fall under Rule 59(e). Accordingly, the Motion is denied.

Therefore, it is

**ORDERED:**

1. Walker's Motion for Extension of Time to File a Motion for Rehearing (Doc. 56) is **GRANTED to the extent** that the Court accepts Walker's Motion for Rehearing (Doc. 57) as timely filed.

2. Walker's Motion for Rehearing (Doc. 57) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of September, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:   Tyrone Antwan Walker, #B04225
     Counsel of record

4