UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TYRONE ANTWAN WALKER,

      Plaintiff,

v.

                                   Case No. 3:23-cv-511-MMH-MCR

SEAN BAILEY, et al.,

      Defendants.

_____

## ORDER

Plaintiff Tyrone Antwan Walker, an inmate of the Florida Department of Corrections (FDOC), initiated this action by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Complaint; Doc. 1). He is proceeding in forma pauperis on an Amended Complaint (Amended Complaint or AC; Doc. 14). Four Defendants remain – Sergeant Sean Bailey; Lieutenant Carey L. Randall; Officer James R. Crow; and Lieutenant Scott W. Durborow.[1] Id. at 2. Walker raises claims of retaliation, excessive force, and failure to intervene against Defendants in their individual capacities. See generally id.

---

[1] Walker originally named seven Defendants – Sergeant Sean Bailey; Lieutenant Carey L. Randall; Officer James R. Crow; Lieutenant Scott W. Durborow; Sergeant M.A. Perkins; Officer D. Lizenbee; and Nurse Gloria Walden. See Amended Complaint. The Court, however, dismissed Walker's claims against Perkins, Lizenbee, and Walden, and ordered that they be terminated as Defendants in this case. See Doc. 54. The Court also dismissed with prejudice Walker's requests for monetary damages against all Defendants in their official capacity as well as his request for injunctive relief. Id.

In an Order dated October 3, 2024, the Court directed the parties to file responses to any summary judgment motions by April 25, 2025. See Order (Doc. 64). After extending that deadline several times because of discovery disputes, on July 1, 2025, the Court directed the parties to file responses to any summary judgment motion by October 31, 2025. See Order (Doc. 95). The Court further advised the parties that no further extension of the deadline would be permitted. Id. Defendants filed a Motion for Summary Judgment on September 16, 2025 (Doc. 96; Motion). The Clerk sent Walker a Summary Judgment Notice (Doc. 97) on September 17, 2025, advising Walker of his obligation to respond to the Motion as well as the potential consequences for failing to do so. On October 3, 2025, Walker requested an extension of the deadline to respond (Doc. 102); and on October 20, 2025, he asked the Court to "give him" a copy of all discovery documents "for free" (Doc. 103). The Court granted Walker's request to extend the response deadline and advised Walker that he must file a response to Defendants' Motion by December 12, 2025 (Doc. 105); but the Court denied Walker's request for free copies of all discovery (Doc. 106). Walker then failed to file a timely response to Defendants' Motion or request more time to do so.

Thus, on January 5, 2026, the Court entered an Order to Show Cause (Doc. 107) directing Walker, by January 23, 2026, to (1) show cause why this case should not be dismissed for his failure to comply with the Court's Order

(Doc. 105) or otherwise prosecute the case; and (2) file a response to Defendants' Motion. See Order to Show Cause (Doc. 107). The Court advised Walker that his failure to timely comply may result in the dismissal of this case without further notice. See id. The Court also advised Walker that he should consider the statute of limitations and noted that if the statute of limitations on his claims has expired, any dismissal, even a dismissal without prejudice for failure to prosecute, would likely bar any future litigation of these claims. See id. But on February 4, 2026, the Court's January 5, 2026 Order to Show Cause was returned to the Court as undeliverable because Walker "refused" to receive his legal mail. See Docs. S-108, S-109. As such, on February 10, 2026, the Court directed the Clerk to provide Walker with another copy of the Court's January 5, 2026 Order to Show Cause and sua sponte extended the time for Walker to comply with the Order to March 6, 2026. See Order to Show Cause (Doc. 110). The Court again advised Walker that he should consider the statute of limitations in making his decision to respond and explained that his failure to comply may result in dismissal of this case without further notice. See id.

In response, Walker filed a notice on March 6, 2026. Doc. 112. In the notice, Walker asserts that he received the Court's Order to Show Cause, but he does not know what the Court's Order means. Id. According to Walker, he is legally blind, cannot write "like he used to," and cannot read without help.

3

Id. at 1-2. He contends that he has attempted to go to the law library to ask someone what the Court's Order to Show Cause means, but he has not been able to go. Id. at 2. Walker also alleges that he is attempting to get copies of his medical file. Id. at 3. He asks the Court to appoint counsel to help him. Id. In support of his allegations, Walker attaches optometry records from 2024, as well as a February 2026 request to attend the law library with a response that indicates Walker was scheduled for a 7:00 a.m. call out for February 25, 2026. Id. at 5-8. Defendants responded to Walker's March 6, 2026 notice, explaining that Walker has another pending case with this Court and the filings in that case refute any allegation that his vision is hindering his ability to respond to their Motion or that he has been denied access to the law library. Doc. 113 (citing Walker v. Vandigo, No. 3:24-cv-773-MMH-LLL). Defendants also state that the optometry records that Walker has provided present no findings as to his reading vision and instead indicate potential malingering. Id. at 2-3.

A district court has inherent authority to manage its docket. See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with court orders. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th

Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Indeed, Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or to comply with a court order or the federal rules. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. Id. at 1374 (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). And Local Rule 3.10(a) also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."

In prosecuting this action, Walker is required to comply with this Court's Orders. As of the date of this Order, he has neither complied with the Court's Orders nor responded to Defendants' September 16, 2025 Motion. On October 3, 2025, Walker confirmed that he received the Motion and requested more time to respond because he was "in the middle of a motion to dismiss [i]n another case." Doc. 102. The Court granted Walker's request and extended the deadline for him to respond. See Doc. 105. When he failed to file his response

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

by the newly extended deadline, the Court issued its January 5, 2026 Order to Show Cause. When Walker "refused" receipt of his legal mail and that first Order to Show Cause was returned to the Court as undeliverable, the Court issued its February 10, 2026 Order to Show Cause sua sponte extending the time for Walker to comply. In doing so, the Court advised Walker that his failure to respond may result in dismissal of this case. While Walker's response to the February 10, 2026 Order to Show Cause references vision issues and a lack of access to the law library, he does not ask for any additional time to respond to the Motion but requests that the Court appoint counsel, because he purportedly does not understand the Court's Order to Show Cause. But Walker's previous filings in this case show his ability to understand the Court's Orders and the requirement that he respond to Defendants' dispositive motions. See Doc. 40 ("Plaintiff Walker's Reply to the Defendant's Motion to Dismiss or Plaintiff's Opposition"); Doc. 102 ("Plaintiff's Motion for Extension of Time to File the Response to the Defendant's Motion for Summary Judgment"). Indeed, the designated time to respond to the Motion expired more than 120 days ago, on December 12, 2025 – the deadline the Court imposed after it granted Walker's request to extend the original October 31, 2025 response deadline. See Docs. 95; 105. And the deadline to respond to the Court's February 10, 2026 Order to Show Cause expired on March 6, 2026. Walker has still not filed a response to Defendants' Motion.

6

On this record, the Court finds that there is a pattern of delay as evidenced by Walker's failure to comply with the Court's Orders and his unreasonable prolonging of the proceedings. Moreover, faced with an Order directing him to show cause why this action should not be dismissed, Walker opted to ask for appointment of counsel rather than file a response to the Motion. Given that the potential of dismissal was insufficient to prompt Walker to adequately respond to the Court's Orders and timely comply with his obligations, the Court finds that dismissal for lack of prosecution under Rule 41(b) and Local Rule 3.10 is appropriate in this case.

Finding Walker has failed to meaningfully participate in the prosecution of this case despite being ordered to do so and concluding that he has failed to show due diligence and just cause for his delay, the Court finds that no sanction short of dismissal is sufficient to sanction Walker's conduct. Nevertheless, in an abundance of caution, the Court will dismiss Walker's claims without prejudice.[3]

---

[3] Walker asserts that the events giving rise to his claims occurred on July 14, 2022. As such, as of the date of this Order, the applicable four-year statute of limitations has not expired. See City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Walker is cautioned that he must consider the potential running of the statute of limitations if he wishes to refile his claims.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.      This case is **DISMISSED, without prejudice,** for Walker's failure to comply with the Court's Orders and lack of prosecution.

2.      The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on April 20, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-7
C:      Tyrone Antwan Walker, B04225
        Counsel of record

8